Hans W. Herb, Esq. (SBN 136018)
**LAW OFFICES OF HANS W. HERB**
P. O. Box 970
Santa Rosa, California 95402
(707) 576-0757
(707) 575-0364 Fax

Attorneys for Plaintiff
Amandeep Singh

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP SINGH, an Individual,<br><br>    Plaintiff,<br>    v.<br><br>SAIF A. ASSAEDI, an Individual,<br><br>    Defendants.<br>AND RELATED COUNTERCLAIM. | **Case No.:  C 09-01721 JSW**<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Date:  August 14, 2009<br>Time:  1:30 p.m.<br>Ctrm:  11 |

1.    Jurisdiction and Service. The parties agree that this case is a matter that is subject to diversity jurisdiction, in that the Defendant resides in a different state than Plaintiff and the amount in controversy exceeds $250,000.

The parties also agree that venue is proper in that the property at issue in this lawsuit is located within this judicial district.

2.    Facts. This is a business dispute. The Plaintiff purchased the service station business located at 2221 Cutting Boulevard in Richmond, California, from the Defendant. The Plaintiff also entered into a ten-year lease of the same property with the Defendant, along with a lease on an adjacent home. Several years later, the parties were notified by the California Regional Water Quality Control Board ("RWQCB") about contamination allegedly documented under the property prior to the parties' business agreements. Plaintiff contends Defendant knew that the property was contaminated when it sold Plaintiff the business and leased him the properties. Defendant disputes these contentions and alleges that he was

unaware that there was any environmental problem at the properties at the time he entered into the business and lease agreements. Separately, there is a related issue involving damage to the service station piping, and potential additional contamination that resulted when contractors investigating contamination on the service station parcel (on behalf of the Defendant) drilled through a pipeline. Plaintiff alleges that the responsibility for addressing this new problem lies with the Defendant. The company that caused the harm at the property by drilling through the pipe has not been paid for the "services" it provided and it has placed a $100,000 mechanic's lien on the service station property.

3. <u>Legal Issues</u>. The primary legal issues in this case essentially involved the parties' obligations to deal with the contamination problems at the service station and residential properties. Defendant contends that the lease is a triple-net lease and that Plaintiff is responsible for responding to all problems, including contamination problems, at the subject parcel. Plaintiff contends he would have never entered into the transaction with the Defendant if he had known that the properties were contaminated and that any cleanup obligations on his behalf would occur as a result. In addition, Plaintiff alleges Defendant is independently responsible for the more recent damage (and any associated environmental contamination) at the service station property.

4. <u>Motions</u>. There are no prior or pending motions, and neither party anticipates any significant motion practice at this time.

5. <u>Amendment of Pleadings</u>. The pleadings will be settled by the time of the Initial Case Management Conference. Defendants have filed a counterclaim and Plaintiff is filing an answer in response.

6. <u>Evidence Preservation</u>. Although all evidence is being preserved, this does not appear to be a case that will involve significant evidentiary issues.

7. <u>Disclosures</u>. The parties anticipate full and timely compliance with the initial disclosure requirements of Federal Rule of Civil Procedure 26. The documents at issue in this case are primarily publicly available documents in the hands of the California Regional

Water Quality Control Board, as well as local underground storage tank ("UST") permitting agencies.

8. <u>Discovery</u>. No discovery has been taken to date. The parties anticipate a limited amount of third-party discovery, primarily from various regulatory and UST permitting agencies. Parties are unaware of any other discovery that would require any modification to the existing Federal Rules of Civil Procedure.

9. <u>Class Actions</u>. This is not a class action.

10. <u>Related Cases</u>. There is a related case in the Contra Costa County Superior Court, Case No. RS 09-0540. The Defendant in this case has filed an action to evict the Plaintiff in this case, based on alleged noncompliance with the lease terms. That case is currently in trial. There is also a related case pending before the California Regional Water Quality Control Board, Bay Area Region, concerning the contamination at the site (Case No. 07-0766 (BGS)).

11. <u>Relief</u>. The parties are essentially seeking the identical relief from each other in connection with this action. Each is seeking to hold the other responsible for the impacts of environmental harm discovered at the properties.

12. <u>Settlement and ADR</u>. There have been informal discussions of settlement between the parties and settlement negotiations are continuing. The parties are not far apart, in most aspects of a complete settlement. The parties have agreed to submit to alternative dispute resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>. The parties consent to a magistrate judge for all purposes.

14. <u>Other References</u>. The parties do not believe other references will be required in this case.

15. <u>Narrowing of Issues</u>. The parties believe that the issues can be narrowed by agreement and potentially resolved by a motion, if the parties are not able to reach a settlement.

16. <u>Expedited Schedule</u>. This is not a case that needs to be handled on an expedited basis.

17. <u>Scheduling</u>. There are no significant scheduling issues that should affect this matter.

18. <u>Trial</u>. The case should be tried by the Court with an expected trial period of two - three days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>. The parties are not aware of any other interested party or entity that would have an interest in this matter and the parties will file a "certification of interested entities or parties" as required by Civil Local Rule 3.16 prior to the Initial Case Management Conference.

20. <u>Other Matters</u>. The parties believe that there is a sincere desire to find a common sense business-oriented resolution that would avoid the need for any party to incur significant additional attorney's fees. Some settlement proposals have been advanced and considered and it is likely the case can be resolved with some early judicial intervention.

Plaintiff drafted this Joint Case Management Statement and provided it to Defendant on July 27, 2009, as required by the Court. On July 30, 2009, Plaintiff sent a reminder to Defendant that the statement was due to be filed. (See Exhibit A, emails to Defendant.) Plaintiff did not receive input for a joint statement from Defendant.

Dated: July 30, 2009

LAW OFFICES OF HANS W. HERB

By: _____
Hans W. Herb,
Attorney for Plaintiff,
Amandeep Singh

Dated: July ___, 2009

SHAMIYEH SHAMIEH

By: _____
Rami S. Shamieh
Attorney for Defendant,
Saif Assaedi

**EXHIBIT A**

## Anne Lemos

| | |
|---|---|
| **From:** | Anne Lemos |
| **Sent:** | Monday, July 27, 2009 12:36 PM |
| **To:** | Rami Shawki Shamieh (rami@shamiehlegal.com) |
| **Cc:** | Hans Herb |
| **Subject:** | Singh v. Assaedi |
| **Attachments:** | Shamieh.Ltr.072709.pdf; Jt CMS.doc; Stip & Order Selecting ADR Process.Blank.pdf |

*Anne Lemos*

From:
Anne Lemos
Paralegal
LAW OFFICES OF HANS W. HERB
PO Box 970
Santa Rosa, CA 95402
Telephone: (707) 576-0757, Ext. 2
Fax:      (707) 575-0364
anne@tankman.com

E-MAIL NOTICE

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any review, use, disclosure or distribution by persons or entities other than the intended recipient(s) is prohibited. If you are not the intended recipient, please contact the sender by reply and destroy all copies of the original message. Thank you.

To reply to our e-mail Administrator directly, send an email to anne@tankman.com or call (707) 576-0757 and delete this email.

## Anne Lemos

**From:** Anne Lemos
**Sent:** Thursday, July 30, 2009 12:06 PM
**To:** Rami Shawki Shamieh (rami@shamiehlegal.com)
**Cc:** Hans Herb
**Subject:** Singh v. Assaedi

Mr. Shamieh:

Just a reminder that our Joint CMS is due tomorrow. I previously sent you our draft.

Thank you.

*Anne Lemos*

From:
Anne Lemos
Paralegal
LAW OFFICES OF HANS W. HERB
PO Box 970
Santa Rosa, CA 95402
Telephone: (707) 576-0757, Ext. 2
Fax: (707) 575-0364
anne@tankman.com

E-MAIL NOTICE

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any review, use, disclosure or distribution by persons or entities other than the intended recipient(s) is prohibited. If you are not the intended recipient, please contact the sender by reply and destroy all copies of the original message. Thank you.

To reply to our e-mail Administrator directly, send an email to anne@tankman.com or call (707) 576-0757 and delete this email.