A. NICK SHAMIYEH, ESQUIRE - STATE BAR NO. 047136
RAMI S. SHAMIEH, ESQUIRE – STATE BAR NO. 253722
SHAMIYEH & SHAMIEH
Attorneys At Law
112 West 25th Avenue, Suite 1
San Mateo, California 94403
Telephone: (650) 627-8027
Facsimile:  (650) 627-8029
ATTORNEYS FOR DEFENDANT
SAIF A. ASSAEDI

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP SINGH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAIF A. ASSAEDI, an individual,<br><br>Defendant. | Case No.: CV09-1721 JSW<br><br>DEFENDANT'S CASE MANAGEMENT STATEMENT<br><br>Date:  August 14, 2009<br>Time:  1:30 P.M.<br>Ctrm:  11 |

1. <u>Jurisdiction and Service</u>. The parties agree that this case is a matter that is subject to diversity jurisdiction, in that the Defendant resides in a different state than Plaintiff and the amount in controversy exceeds $250,000.

The parties also agree that venue is proper in that the property at issue in this lawsuit is located within this judicial district.

2. <u>Facts</u>. Preliminarily, it should be noted that a settlement has been reached and a Settlement Agreement is circulating for signatures at the time of this filing.

This is a business dispute. The Plaintiff purchased the service station business located at 2221 Cutting Boulevard in Richmond, California, from the Defendant. The Plaintiff also entered

Defendant's Case Management Statement

into a ten-year lease of the same property with the Defendant, along with a lease on an adjacent home. Several years later, the parties were notified by the California Regional Water Quality Control Board ("RWQCB") about alleged contamination under the property prior to the parties' business agreements. Plaintiff contends Defendant knew that the property was contaminated when it sold Plaintiff the business and leased him the properties. Defendant disputes these contentions and alleges that he was unaware that there was any environmental problem at the properties at the time he entered into the business and lease agreements. Separately, there is a related issue involving damage to the service station piping, and potential additional contamination that resulted when contractors investigating contamination on the service station parcel drilled through a pipeline. Plaintiff alleges that the responsibility for addressing this new problem lies with the Defendant and Defendant contends that the responsibility for addressing this new problem lies with the Plaintiff. The company that caused the harm at the property by drilling through the pipe has not been paid for the "services" it provided and it has placed a $100,000 mechanic's lien on the service station property.

3. <u>Legal Issues</u>. The primary legal issues in this case essentially involved the parties' obligations to deal with the contamination problems at the service station and residential properties. Defendant contends that the lease is a triple-net lease and that Plaintiff is responsible for responding to all problems, including contamination problems, at the subject parcel. Plaintiff contends he would have never entered into the transaction with the Defendant if he had known that the properties were contaminated and that any cleanup obligations on his behalf would occur as a result. In addition, Plaintiff alleges Defendant is independently responsible for the more recent damage (and any associated environmental contamination) at the service station property.

4. <u>Motions</u>. There are no prior or pending motions, and neither party anticipates any significant motion practice at this time.

5. <u>Amendment of Pleadings</u>. The pleadings will be settled by the time of the Initial Case Management Conference. Defendants have filed a counterclaim and Plaintiff is filing an answer in response.

6. <u>Evidence Preservation</u>. Although all evidence is being preserved, this does not appear to be a case that will involve significant evidentiary issues.

Defendant's Case Management Statement

7. <u>Disclosures</u>. The parties anticipate full and timely compliance with the initial disclosure requirements of Federal Rule of Civil Procedure 26. The documents at issue in this case are primarily publicly available documents in the hands of the California Regional Water Quality Control Board, as well as local underground storage tank ("UST") permitting agencies.

8. <u>Discovery</u>. No discovery has been taken to date. The parties anticipate a limited amount of third-party discovery, primarily from various regulatory and UST permitting agencies. Parties are unaware of any other discovery that would require any modification to the existing Federal Rules of Civil Procedure.

9. <u>Class Actions</u>. This is not a class action.

10. <u>Related Cases</u>. There is a related case in the Contra Costa County Superior Court, Case No. RS 09-0540. The Defendant in this case has filed an action to evict the Plaintiff in this case, based on alleged noncompliance with the lease terms. That case is currently in trial. There is also a related case pending before the California Regional Water Quality Control Board, Bay Area Region, concerning the contamination at the site (Case No. 07-0766 (BGS)).

11. <u>Relief</u>. The parties are essentially seeking the identical relief from each other in connection with this action. Each is seeking to hold the other responsible for the impacts of environmental harm discovered at the properties.

12. <u>Settlement and ADR</u>. A settlement has been reached and a Settlement Agreement is circulating for signatures at this moment.

13. <u>Consent to Magistrate Judge For All Purposes</u>. The parties consent to a magistrate judge for all purposes.

14. <u>Other References</u>. The parties do not believe other references will be required in this case.

15. <u>Narrowing of Issues</u>. The parties believe that the issues can be narrowed by agreement and potentially resolved by a motion, if the parties are not able to reach a settlement.

16. <u>Expedited Schedule</u>. This is not a case that needs to be handled on an expedited basis.

17. <u>Scheduling</u>. There are no significant scheduling issues that should affect this matter.

18. <u>Trial</u>. The matter has been settled and a settlement has been entered on the record. A Settlement Agreement is being circulated for signature as of the time of this filing.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>. The parties are not aware of any other interested party or entity that would have an interest in this matter and the parties will file a "certification of interested entities or parties" as required by Civil Local Rule 3.16 prior to the Initial Case Management Conference.

20. <u>Other Matters</u>. The parties believe that there is a sincere desire to find a common sense business-oriented resolution that would avoid the need for any party to incur significant additional attorney's fees. Some settlement proposals have been advanced and considered and it is likely the case can be resolved with some early judicial intervention.

Dated: August 10, 2009                    SHAMIYEH SHAMIEH

                                          By: _____
                                          Rami S. Shamieh
                                          Attorney for Defendant,
                                          Saif Assaedi